CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 03 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| COREY PHILLIP HORN, | ) | Civil Action No. 7:15-cv-00657 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Hon. Michael F. Urbanski |
| Respondent. | ) | United States District Judge |

Corey Phillip Horn, a Virginia prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his convictions entered by the Circuit Court for the City of Staunton. Respondent filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, the court dismisses the petition as time barred.

I.

After pleading guilty, the Circuit Court for the City of Staunton sentenced Petitioner on February 13, 2012, to twenty years' incarceration with fifteen years suspended for computer solicitation of a child, in violation of Virginia Code § 18.2-374.3, and for attempted indecent liberties, in violation of Virginia Code § 18.2-370. Petitioner did not appeal.

Petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia nearly two years later on February 4, 2014. The Supreme Court of Virginia dismissed the petition on August 20, 2014, and denied a petition for rehearing on November 6, 2014. Nearly a year later, Petitioner filed his federal petition on November 16, 2015. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[2] 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. United States v. Clay, 537 U.S. 522, 524 (2003). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2); see Wall v. Kholi, 562 U.S. 545, 558-60 (2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's convictions became final on March 14, 2012, when the time expired to seek appellate review from the Court of Appeals of Virginia. See Va. Sup. Ct. R. 5A:6(a) (stating an appeal from the trial court to the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). Therefore, Petitioner had until March 14, 2013, to timely file a federal habeas petition.

Petitioner filed his state habeas petition on February 4, 2014, which was nearly two years after his convictions became final. Accordingly, the federal statute of limitations had already

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

Case 7:15-cv-00657-MFU-RSB   Document 20   Filed 06/03/16   Page 2 of 5   Pageid#: 412

expired by the time Petitioner filed his state habeas petition, and statutory tolling is not possible. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing that state habeas petitions cannot revive an already expired federal limitations period).

Citing McQuiggin v. Perkins, __ U.S. __, 133 S. Ct. 1924, 1928 (2013), and Coleman v. Thompson, 501 U.S. 722, 750 (1991), Petitioner alleges his "actual innocence" warrants excusing the petition's untimeliness. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Murray v. Carrier, 477 U.S. 478, 496 (1986). Notably, "actual innocence[] means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Petitioner's arguments in support of his actual innocence claim assert legal innocence, not factual innocence.[3] Petitioner alleges that the Commonwealth violated numerous state and federal laws to prosecute him because the Commonwealth "wiretapped" or "intercepted" his communications with the police officer who misrepresented being a fourteen year old girl. Petitioner's legal arguments are not sufficient to establish factual innocence and are not legally persuasive. See, e.g., 18 U.S.C. §2511(2)(c) (not criminalizing the interception of

---

[3] To succeed with an "actual innocence" argument, a petitioner must establish that, in light of "new evidence," it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Schlup v. Delo, 513 U.S. 298, 329 (1995); see Teleguz v. Pearson, 689 F.3d 322, 328 (4th Cir. 2012) ("When a petitioner raises a . . . gateway actual innocence claim, it must be supported by new reliable evidence.") (internal quotation marks and citation omitted)). A court considers "all the evidence, old and new, incriminating and exculpatory . . . ." to resolve this question.

Petitioner does not point to any new evidence that could establish his innocence, and the convictions were supported by the evidence. See McQuiggin, 133 S. Ct. at 1931 (noting a petitioner must make a credible showing of innocence). The evidence proffered during the plea hearing established that Petitioner contacted a police officer portraying a fourteen year old girl in an internet chat room and immediately began chatting about sex. The police officer told Petitioner he was a fourteen year old girl, and Petitioner asked if "she" was a virgin, about masturbation, and whether "she" was ready to try various sexual acts. Petitioner called the phone number given by the officer to instruct "her" how to masturbate and to arrange a tryst. During later discussions, Petitioner told the officer he wanted to have sex with "her" and asked "her" for oral sex. After several other discussions, Petitioner drove to meet the "girl" for sex and was arrested.

3

communications for which a party to the conversation consents to interception); Va. Code §19.2-62(B)(2) (same). Accordingly, Petitioner fails to establish his "actual innocence" or that a fundamental miscarriage of justice occurred. See, e.g., Wolfe v. Johnson, 565 F.3d 140, 160 (4th Cir. 2009).

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649-50 (2010).

Petitioner's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, the court does not find any extraordinary circumstance in this record that prevented Petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, Petitioner filed the federal habeas petition beyond the one-year statute of limitations, Petitioner is not entitled to equitable tolling, and the petition must be dismissed.

## III.

For the foregoing reasons, the court grants Respondent's motion to dismiss and dismisses the petition for a writ of habeas corpus. Based upon the court's finding that Petitioner has not

4

made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 2nd day of June, 2016.

/s/ Michael F. Urbanski
United States District Judge